# IN THE COURT OF APPEALS OF IOWA

No. 19-1582
Filed April 14, 2021

IN THE MATTER OF THE CONDEMNATION OF CERTAIN RIGHTS IN LAND FOR THE EXTENSION OF ARMAR DRIVE PROJECT BY THE CITY OF MARION, IOWA.

_____

PHYLLIS M. RAUSCH, Trustee of the WILLIAM J. RAUSCH FAMILY TRUST,
    Plaintiff-Appellant,

vs.

CITY OF MARION, IOWA,
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

Phyllis M. Rausch, as trustee of the William J. Rausch Family Trust, appeals a condemnation award. **AFFIRMED.**

Dean A. Spina of Bradley & Riley PC, Cedar Rapids, for appellant.

Robert W. Goodwin of Goodwin Law Office, P.C., Ames, and Kara L. Bullerman of Allen, Vernon & Hoskins, P.L.C., Marion, for appellee.

Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

Phyllis M. Rausch, as trustee of the William J. Rausch Family Trust, appeals a condemnation award providing compensation for a portion of trust property the City of Marion obtained to connect Armar Drive to Highway 100. A compensation commission awarded $403,000 in damages to compensate for the decrease in fair and reasonable market value of the property. Rausch appealed the commission's decision to the district court, claiming the property's value decreased by at least $1,000,000. After a jury found the property's fair and reasonable market value decreased by $82,900 as a result of the taking, the district court denied and dismissed the condemnation appeal.

At issue on appeal is the exclusion of comparable sales evidence at trial. We review evidentiary rulings for an abuse of discretion. *See Hall v. Jennie Edmundson Mem'l Hosp.*, 812 N.W.2d 681, 685 (Iowa 2012). An abuse of discretion occurs when the trial court bases its ruling on unreasonable or untenable grounds. *See Giza v. BNSF Ry. Co.*, 843 N.W.2d 713, 718 (Iowa 2014). Grounds for a ruling are untenable if the court erroneously applies the law. *See id.* We reverse only if the ruling prejudices the complaining party. *See Whitley v. C.R. Pharmacy Serv., Inc.*, 816 N.W.2d 378, 385 (Iowa 2012).

Rausch sought to introduce evidence of comparable sales, in part, through the testimony of her son, James Rausch. Although the district court allowed James to give his opinion as to the value of the land,[1] it ruled that James could not testify

---

[1] *See In re Marriage of Hansen*, 733 N.W.2d 683, 703 (Iowa 2007) ("In ascertaining the value of property, its owner is a competent witness to testify to its market value."). James was a contingent beneficiary of the trust. The issue of whether he was qualified to give an opinion of the value of the property as an owner of the

regarding specific sales he believed to be comparable because he had no personal knowledge or familiarity with those sales.[2]  Rausch argues James was qualified to present evidence regarding sales of similar properties as a trust beneficiary.

A property owner may testify as to the market value of that property.  *See Holcomb v. Hoffschneider*, 297 N.W.2d 210, 213 (Iowa 1980).  Based on his interest in the trust, the court allowed James to give his opinion that the land's value is $12 per square foot or $522,720 per acre.  But this interest alone does not qualify James to testify regarding comparable sales.  The court will exclude lay opinion evidence without adequate foundation.  *Sonnek v. Warren*, 522 N.W.2d 45, 50 (Iowa 1994).  Our rules of evidence limit lay witness testimony to matters within the witness's personal knowledge.  *See* Iowa R. Evid. 5.602.  And any opinion offered by a lay witness must be rationally based on the witness's perception.  *See* Iowa R. Evid. 5.701(a).  Because James had no personal knowledge of the sales he claimed are comparable, the district court properly excluded the evidence.  Finding no abuse of discretion, we affirm.

**AFFIRMED.**

---

trust property was contested before the district court, but not contested on appeal. The city's appellate brief concludes James "was properly allowed to testify as a beneficiary of the Trust, concerning his opinion of value of the Trust property." Because the issue of whether a contingent trust beneficiary has an ownership interest in trust property sufficient to qualify the beneficiary to opine to the property's value is not raised on appeal, we express no opinion on the issue.

[2] During his deposition testimony, James admitted he had no personal knowledge of the three sales he believed to be comparable; his only knowledge of the sales was gleaned from the county assessor's website.